█ In the Matter of BARBARA S. ROSENBERG et al., Petitioners, v. STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.— Determination unanimously confirmed, without costs. Memorandum: Petitioners' complaint charged one Joel Robert Frank, the owner of a restaurant known as the " Silent Woman Tavern ", with a discriminatory practice relating to a place of public accommodation by refusing to serve them because of their sex. The record indicates that at the time of the complained of incident the restaurant had an express policy against serving women at the bar between the hours of 9:00 A.M. and 7:00 P.M. Women were directed by signs to a rear parlor to be served. There were various other signs indicating the restricted availability of the premises on the basis of sex. Pictures of the restaurant show that it is intended to appear as an English "Pub". The exterior is of a Tudor style, an exterior sign identifying the restaurant states its name and depicts a headless woman attired in early English dress. The name and sign were inspired by an actual 18th century English tavern. Following a hearing the Commissioner ordered *inter alia* that the owner, Frank, cease and desist from discriminating against petitioners; that he make available to all persons the full equal and unsegregated

use of the services and facilities of the restaurant without regard to sex; and that he remove all signs which make reference to the use of the services and facilities of the restaurant on the basis of sex. Petitioners appealed to the respondent Appeal Board, asking that the Commissioner's order be modified to require in addition that Frank change the name of the restaurant; remove the exterior sign depicting the headless woman; and, inform the public through the media that the premises were open to all people at all times. The Appeal Board by vote of 3 to 1 affirmed the Commissioner's order in all respects. The lone dissent voted to modify the order as requested by petitioners. The Human Rights Division is empowered by statute to require violators of the Human Rights Law to take affirmative action to effectuate the purpose of the law (Executive Law, § 297, subd. 4, par. c). The choice of affirmative action is expressly left "in the judgment of the division" (Executive Law, § 297, subd. 4, par. c). Petitioners argue that since the owner conceded that the sign and name were intended to attract male patrons, they are intrinsically discriminatory and must be changed in order to effectuate the purpose of the Human Rights Law. We cannot agree. The law does not prohibit appealing by signs or trade name to one sex or another. Rather, the prohibition is against displaying notice or advertisement to the effect that any of the facilities or privileges will be refused or withheld from or denied a person on account of sex (Executive Law, § 296, subd. 2). In this case signs of this nature were in fact ordered removed by the Commissioner. There is nothing about the name or the exterior sign, in the form used here, that would suggest that women would be refused the use of the facilities. The Commissioner did not abuse his discretion in not ordering that the name and sign be changed. Further, it was not an abuse of discretion not to order the owner to give public notice through the media as requested by petitioners. It appears that this matter has been followed by the local newspaper news media and the interested segment of the public is no doubt aware of the changed rules of the restaurant. (Review of orders of State Division and Appeals Board.) Present — Witmer, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.